ELIZABETH STREET, PLAINTIFF-APPELLANT, v. THOMAS
C. SMITH, EXECUTOR OF AND TRUSTEE UNDER THE
LAST WILL AND TESTAMENT OF NELLIE M. FOYE,
DECEASED, DEFENDANT-RESPONDENT.

Submitted May 15, 1926—Decided December 15, 1926.

**Real Estate—Agent's Commissions—Agent Produced a Purchaser
Who Paid $2,000 Deposit—Agent Retained $1,250 as His
Commission—Sale Not Consummated and Specific Perform-
ance Denied on Ground That Agreement was Incomplete—
Judgment in Suit at Law to Recover Deposit—This Suit is
to Recover Money Retained by Agent—Nonsuit in Case Re-
versed on Ground That it Did Not Appear in Case Whether
Agent Had Earned His Commission According to the Terms
of His Contract With Plaintiff—New Trial Awarded.**

On appeal from a judgment of the Hudson County Court
of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the appellant, *Collins & Corbin* (*David A. Newton,*
of counsel).

For the respondent, *George G. Tennant.*

PER CURIAM.

George Foye was a real estate broker. He was employed
by the plaintiff, Mrs. Street, to sell her apartment-house, lo-
cated on the Boulevard, in Jersey City, and Mrs. Street agreed
to pay him $1,250 for his commissions. Foye produced a man
named Harris as a purchaser, and Harris made a contract
with the plaintiff for the purchase of the property in question.
One of the provisions of this contract was that Harris should
pay $2,000 upon the signing of the contract. He paid this
money to Foye. Foye paid Mrs. Street $750 of it, and re-

tained the other $1,250 under a claim that he was entitled to this amount for his commissions. After the contract was executed, a dispute arose between Mrs. Street and Harris with relation thereto, Harris claiming that the conveyance proposed to be executed by her to him was not in conformity with the provisions of the agreement. Thereupon, Mrs. Street filed a bill in equity to compel the performance of the contract by Harris. The result was a dismissal of the bill on the ground that the minds of the parties had never met on the alleged contract. 93 *N. J. Eq.* 83; *affirmed, Id.* 503. Subsequently, Harris brought suit against Mrs. Street to recover the $2,000 advanced by him on account of the purchase-money. She claimed that she had only received $750 of the amount. The Supreme Court, however, held that she was obliged to pay the whole of it back to him; that it was paid to Foye as her agent, and that the fact that he had appropriated $1,250 of it to his own use was no bar to the right of Harris to recover from her. 1 *N. J. Mis. R.* 366, 367. In the meantime Foye had died, leaving all of his estate to his wife. Before the present suit was instituted Mrs. Foye died, appointing by her will Smith as her executor. The present suit is brought by Mrs. Street against Smith, executor, to recover out of the moneys in Mrs. Foye's estate received from her husband the $1,250 which she was obliged to pay on the judgment recovered against her by Harris. At the conclusion of the plaintiff's case a nonsuit was directed, and the plaintiff has appealed.

We think the nonsuit was improperly ordered. If Foye had not earned his commissions, his appropriation of the $1,250 out of the $2,000 paid to him as the agent of Mrs. Street was clearly illegal. Whether or not he had, in fact, earned his commissions depended, of course, upon what were the terms of his brokerage contract with Mrs. Street.

That contract was not offered in evidence, nor does its terms otherwise satisfactorily appear in the record. It may be that by its terms he was only entitled to a commission in case an actual sale was made, or he may have been entitled to com-

missions upon his producing a purchaser able and willing to buy. Although the results of the litigations between the plaintiff and Harris are not *res adjudicata* as to the broker, Foye, who was not a party thereto, they are, nevertheless, *stare decisis* in a case where all the facts are identical with the subject-matter of the litigation. This being so, we think we are justified in saying that, in the absence of proof to the contrary, the payment by Harris to the broker was a payment to the plaintiff, the broker being her agent for the receiving of the money; and that he was under a legal obligation to pay all of it over to her upon his receiving it unless he had *then* earned his commissions, and whether or not he had then earned them depended upon the terms of his brokerage contract, as we have already indicated.

The defendant sets up in his answer as a defense that there was an executed settlement between Foye and the plaintiff of all matters in dispute between them, including this question of commissions. But this is denied in the replication, and, of course, in the absence of proof in support of it, of which there was none, amounts to nothing.

Our conclusion is that the plaintiff was entitled to recover on the proofs submitted, unless the defendant showed either that by the terms of the contract of brokerage Foye was entitled to his commissions *at the time* he appropriated this $1,250, or else that the matter involved in the litigation had been settled between the parties.

The judgment will be reversed and a new trial awarded.